[Crim. No. 646. Third Appellate District.—December 16, 1922.]

## THE PEOPLE, Respondent, v. FRANCISCO DEASES, Appellant.

[1] CRIMINAL LAW—BURGLARY—EVIDENCE—FINDING.—In this prosecution in which the defendant was convicted of burglary in the second degree, the possession by defendant of the stolen property, coupled with the evidence as to his identity and presence near the premises of the prosecuting witness, his explanation as to how he came into possession of the property, and his voluntary statements to the deputy sheriff and jailer, was sufficient to justify the finding of the jury.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of burglary in the second degree and he appeals from the judgment sentencing him to the state prison. [1] The only point made on the appeal is that the evidence is insufficient to justify the finding of the jury. The point is entirely without merit. The argument of appellant seems to proceed upon the theory that the possession of the stolen property a short time after the alleged commission of the offense is the only evidence of his guilt. This theory is entirely untenable. The evidence shows that a short time after the alleged commission of the offense the defendant was arrested while attempting to pawn a watch which was taken from the premises described in the information. His explanation of how he came into possession of said watch is the same as is usually given under such circumstances, namely, that he purchased it from a stranger. We may add, that there were certain

1. Possession of stolen goods as evidence of burglary, notes, 19 Ann. Cas. 1281; 12 L. R. A. (N. S.) 199.

circumstances connected with his explanation which stamp it as unreasonable and incredible and no doubt the jury rejected it, as they had a right to do, as wholly unworthy of belief. In addition to the foregoing, the defendant was seen near the premises of the prosecuting witness within a short time of the commission of the said offense and was positively identified by four witnesses who were unimpeached. There was also evidence that the defendant voluntarily stated to the deputy sheriff and jailer that he was guilty and wanted to plead guilty and get out of jail as quick as possible; that he, the defendant, "went in this Jap's room, right on the side of Holt station and stole a watch and chain, and $2.50 in United States money, a pair of cuff buttons, that then he came to town and spent the money; and then after that he tried to sell the watch somewhere."

In fact, the record shows the guilt of defendant beyond any question and there is no merit in the appeal.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1923.

All the Justices concurred.